IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Robert J. Cummins, d/b/a Bob   :
Cummins Construction Company   :
   :
       v.   :
   :
Bradford Sanitary Authority,   :   No. 1107 C.D. 2021
        Appellant   :   Submitted: June 24, 2022

BEFORE:   HONORABLE ANNE E. COVEY, Judge
           HONORABLE ELLEN CEISLER, Judge
           HONORABLE LORI A. DUMAS, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION BY
JUDGE COVEY                    FILED: November 16, 2022

Bradford Sanitary Authority (Authority) appeals to this Court for review of the McKean County Common Pleas Court's (trial court) September 9, 2021 order after remand that entered judgment in favor of Robert J. Cummins, d/b/a Bob Cummins Construction Company (Cummins). The sole issue before this Court is whether the trial court adhered to this Court's June 8, 2020 Order issued relative to Docket Nos. 1000, 1009 C.D. 2019, *Cummins v. Bradford Sanitary Authority*, 237 A.3d 584 (Pa. Cmwlth. 2020) (*Cummins I*). After review, this Court affirms in part, and vacates and remands in part.

**Background**

The Authority owns and operates a wastewater treatment plant (Plant) in Foster Township, McKean County, that serves the City of Bradford and other nearby communities. When the Authority sought to conduct Wastewater Treatment

Plan Upgrades (Project), it retained Gannett Fleming, Inc. (GF) to provide engineering and construction management services. Part of the Project required the construction of concrete tanks containing sequencing batch reactors (SBRs) to treat sewage and other wastewater at the Plant.

In 2013, the Authority issued an Invitation for Bids (IFB) from contractors for the Project that included a contract and documents attached thereto and incorporated therein (Contract). The IFB included a Project Manual containing, *inter alia*, Instructions to Bidders and the Contract. Section 11393 of the Project Manual contained the specifications for the SBR and its ancillary structures, equipment, and controls (SBR Specifications). In Section 1.05 of the SBR Specifications, the Authority designated as Acceptable Manufacturers: A. ABJ Sanitaire, B. Ashbrook Simon Hartley (Ashbrook), and C. Aqua Aerobics.

Although the SBR Specifications authorized bidders to select Ashbrook or Aqua Aerobics as acceptable manufacturers, Section 11.01.B of the Instructions to Bidders (Section 11.01.B.3) stated:

> 1. Products named on the Contract Drawings, if any, and products of manufacturers named first throughout the Project Manual[,] constitute [GF's] design.
>
> 2. Products of named manufacturers, other than the first named manufacturer, appearing throughout the Project Manual or on the Contract Drawings are accepted as equal; however, the requirements of [Section] 6.03 of the General Conditions regarding 'equipment' and 'machinery' shall apply.
>
> 3. If products of manufacturers other than those named first differ from those named first in the Project Manual or on the [Contract] Drawings to the extent that their proper incorporation into the [work required by the Contract Document (]Work[)] requires changes to the structural, piping, mechanical, electrical, instrumentation, or any other changes of whatsoever

2

nature, the [c]ontractor shall be responsible for such changes.

Section 11.01.B (*Cummins I* Reproduced Record (R.R.) at 137a). Because it received a better deal on the SBR system from Ashbrook than from ABJ Sanitaire, Cummins proposed to install an Ashbrook SBR.

On February 12, 2014, the Authority and Cummins executed the Contract for the Work. On March 11, 2014, GF issued Cummins a Notice to Proceed. Cummins submitted the Ashbrook product data and shop drawings reflecting changes Ashbrook proposed to GF's design to incorporate the Ashbrook SBR. GF determined, based on Cummins' and Ashbrook's assurances during the bid and submittal processes, that the proposed Ashbrook SBR would meet the SBR Specifications. After several meetings and some changes, GF marked Cummins' final SBR shop drawings "Reviewed," *Cummins I* R.R. at 640a, 3405a, and Cummins installed the Ashbrook SBR at the Plant.

After the SBR was put into operation in 2015, the parties discovered an influent overflow problem with the SBR system that Cummins claimed was due to the 20-inch influent piping being too small to accommodate the Ashbrook system's sequencing. The Authority/GF disputed that the piping size was the cause, and claimed that the overflow resulted from the automatic gates not controlling the flow, and that a different piping configuration was necessary to accommodate the Ashbrook SBR. Notwithstanding, neither Cummins nor Ashbrook had previously identified to GF a need to increase the size of the 20-inch influent pipes in GF's design or to reconfigure the piping for the Ashbrook SBR to deliver the contractual amount of wastewater. The parties disagreed on the solution and the cost thereof.

On or about December 22, 2015, GF certified that the Project was substantially complete - except for the SBRs and two other items. However, because the Authority believed Cummins' performance was contrary to the Contract's

3

provisions relative to the SBRs and other Project components, it denied certain change orders and withheld Cummins' final payment to correct or complete Cummins' work.

***Cummins I***

On March 17, 2016, Cummins filed a complaint in the trial court against the Authority, alleging therein that the Authority breached the Contract, and seeking recovery of the retainage and costs Cummins incurred to perform extra work required by the change orders, plus interest, penalty interest, and attorney's fees. On August 29, 2016, Cummins filed its reply to the Authority's new matter and counterclaim. Thereafter, Cummins filed an amended complaint and a second amended complaint.

On November 8, 2017, the Authority filed an answer and new matter to Cummins' second amended complaint, and asserted counterclaims against Cummins for breach of contract. The Authority specifically counterclaimed that Cummins failed to provide SBR-related and non-SBR-related services in accordance with the Contract, and failed to timely achieve final Project completion. The parties conducted extensive discovery and exchanged expert reports, and the trial court ruled on numerous dispositive motions.

On February 15, 2019, the Authority filed a Motion *in Limine* Concerning Contract Interpretation and a brief in support thereof. Therein, the Authority asked the trial court to rule that Section 11.01.B.3 and the Contract clearly and unambiguously made Cummins alone responsible to identify and make changes necessary to incorporate the Ashbrook SBR into the Project. Cummins opposed the Authority's Motion *in Limine* Concerning Contract Interpretation on the basis that it was the Authority's attempt to relitigate a previously denied partial motion for summary judgment.

By March 7, 2019 order, the trial court deferred decision on the Authority's Motion *in Limine* Concerning Contract Interpretation, stating:

> [A]t this time, the [trial c]ourt is without sufficient evidence to consider the [C]ontract as a whole, which is a factor the [trial c]ourt must weigh in determining ambiguity. Furthermore, the [trial c]ourt believes that if it w[as] to determine ambiguity at this time that the [trial c]ourt's decision would impact the jury's decision to decide the facts so greatly that a jury's decision could not be independent of the [trial c]ourt's decision and influence, making the jury's verdict and [the trial c]ourt's finding indivisible.

Trial Ct. March 7, 2019 Order at 1 (citations omitted). The trial court concluded: "[T]he matter may be appropriately decided after a jury verdict through post-trial motions and that deferral is the least restrict [sic] alternative to present the most relevant evidence available." *Id*. at 2.

The trial court conducted a jury trial from March 11 to 20, 2019. During the trial, on March 15, 2019, the trial court issued an order denying the Authority's Motion *in Limine* Concerning Contract Interpretation, stating that since Section 11.01.B.3 was susceptible to more than one reasonable interpretation, the Contract was ambiguous and, thus, its interpretation was properly before the jury. *See* Trial Ct. Mar. 15, 2019 Order at 3. Notably, although the trial court acknowledged that Section 11.01.B.3 was not the only Contract clause that gave rise to the parties' dispute, the trial court quoted and analyzed *only* Section 11.01.B.3 before ruling that the *entire* Contract was ambiguous. *See* Trial Ct. Mar. 15, 2019 Order at 2.

On March 21, 2019, the jury rendered a verdict in Cummins' favor in the amount of $488,243.24, consisting of the Contract balance that the Authority withheld, along with a number of Cummins' change order claims. The jury also found that the Authority acted in bad faith in retaining the Contract balance. In addition, the jury found against the Authority on 19 of its 20 counterclaims.

5

On March 29, 2019, Cummins filed a Motion to Mold the Verdict for Interest, Penalty Interest and Attorney's Fees (Cummins' Motion), therein seeking to have the trial court award the following additional amounts: (1) regular interest in the amount of $112,548.00; (2) penalty interest in the amount of $88,372.00; (3) attorney's fees and costs in the amount of $449,107.55; and (4) litigation expenses in the amount of $35,464.87. The Authority opposed Cummins' Motion.

On April 1, 2019, the Authority filed a Motion for Post-Trial Relief (Authority's Motion), seeking judgment notwithstanding the verdict (JNOV) in its favor or a new trial, claiming that the trial court improperly determined that the Contract was ambiguous and erred by allowing the jury to rely on extrinsic evidence to interpret the Contract provisions. The Authority also asserted that the trial court erred by permitting the jury to decide Cummins' bad faith claim and change order/extra work claims. Cummins opposed the Authority's Motion.

On June 27, 2019, relative to Cummins' Motion, the trial court entered judgment upon the verdict for the amounts the jury awarded to Cummins and awarded regular interest and some of Cummins' requested attorney's fees, but denied Cummins' request for penalty interest. By separate June 27, 2019 order, the trial court denied the Authority's Motion.

The Authority and Cummins cross-appealed to this Court.[1] The trial court directed the parties to file Statements of Errors Complained of on Appeal pursuant to Pennsylvania Rule of Appellate Procedure (Rule) 1925(b) (*Cummins I* Rule 1925(b) Statement). On August 16 and 23, 2019, respectively, the parties filed

---

[1] On July 23, 2019, the Authority appealed to this Court at Pa. Cmwlth. No. 1000 C.D. 2019. On July 25, 2019, Cummins filed a cross-appeal in this Court at Pa. Cmwlth. No. 1009 C.D. 2019. On October 21, 2019, this Court consolidated the appeals at Pa. Cmwlth. No. 1000 C.D. 2019.

Also, on July 23, 2019, the McKean County Prothonotary issued a Notice of Entry of Judgment against the Authority in the amount of $857,743.14.

their *Cummins I* Rule 1925(b) Statements. On October 15, 2019, the trial court issued its opinion pursuant to Rule 1925(a) (*Cummins I* Rule 1925(a) Opinion), therein upholding its June 27, 2019 rulings relative to the Authority's Motion.

On June 8, 2020, this Court held that the trial court erred by denying the Authority's Motion, because Section 11.01.B.3 clearly and unambiguously made Cummins solely responsible for the defective system performance related to its Ashbrook SBR. *See Cummins I.* Specifically, this Court concluded that the trial court erred by concluding that the entire Contract was ambiguous and allowing Cummins to present extrinsic evidence for the jury to interpret the Contract language. In light of this Court's ruling on the Authority's Motion, this Court vacated the trial court's order granting in part and denying in part Cummins' Motion as moot. This Court further remanded the matter for the trial court to determine whether, in light of this Court's ruling, any issues remained. This Court instructed that, if no outstanding issues remained, the trial court was to grant the Authority's Motion for JNOV; however, if there were outstanding issues, then the trial court was to grant the Authority's Motion for a new trial.[2] *See Cummins I*, 237 A.3d at 603-04; *see also* Authority Br. Appendix A (June 8, 2020 Order).

**On Remand**

Consistent with this Court's direction in its June 8, 2020 Order, on remand, the parties submitted briefs to the trial court regarding whether the trial court should enter judgment for the Authority or order a new trial. In addition, the Authority filed a Motion for Partial Summary Judgment (Motion after Remand) in the trial court requesting: (1) judgment in the Authority's favor on Cummins' bad

---

[2] Cummins petitioned for reargument, which this Court denied on August 3, 2020. Cummins also petitioned the Pennsylvania Supreme Court for permission to appeal, which the Supreme Court denied on February 17, 2021.

7

faith claim; (2) judgment in the Authority's favor regarding certain change order/extra work claims; and (3) judgment in the Authority's favor on the Authority's non-SBR-related counterclaims.[3] Cummins opposed the Authority's Motion after Remand.

By September 9, 2021 order, based on this Court's ruling that the Authority withheld the SBR-related Contract funds in good faith, the trial court granted summary judgment in the Authority's favor on Cummins' bad faith claim.[4] *See* Petition Ex. 1 (Trial Ct. Sept. 9, 2021 Order) at 6. The trial court denied judgment in the Authority's favor on the change order/extra work claims, reasoning:

> [Cummins] asserts that there are numerous genuine issues of material fact as to whether [the Authority] can enforce change orders despite deviation from the specific procedures outlined in the parties' [C]ontract[] were caused by [the Authority's] own delays, were changes directed by [the Authority], or where [the Authority] was aware of the extra work performed by [Cummins]. Furthermore, at trial[,] the jury awarded damages to [Cummins] for numerous extra work claims. Finally, the jury verdict regarding the extra work claims was not impacted by the Commonwealth Court's decision, as none of the extra work claims relates to the interpretation of [Section] 11.01[.]B[.3] of the parties' [C]ontract.

Trial Ct. Sept. 9, 2021 Order at 3. The trial court ordered that the jury's verdict in Cummins' favor on the change order/extra work claims shall stand and not be retried, because "[r]etrial would constitute an unnecessary waste of judicial resources and would undermine the sanctity of the jury's verdict." *Id*. at 5.

---

[3] The Authority also filed an interim Motion for Attorney's Fees and Costs based on this Court's June 8, 2020 Order, which, on June 29, 2021, the trial court dismissed as premature.

[4] However, the trial court added: "[T]he Commonwealth Court did not specifically address bad faith claims arising under other aspects of the case, such as [the Authority's] allegedly frivolous counterclaims." Trial Ct. Sept. 9, 2021 Order at 4.

The trial court also denied judgment in the Authority's favor on its counterclaims, stating:

> [The Authority] alleges that the parties' [C]ontract mandates judgment in [its] favor, claiming that the express terms of the [C]ontract and supposedly undisputed facts require judgment in [its] favor.
>
> On the other hand, [Cummins] argues that genuine issues of material fact exist as to whether the [C]ontract required [Cummins] to obtain an advance written change order and - if so - whether the requirement was waived. [Cummins] in turn asserts disputed issues of fact for each of the counterclaims.
>
> The parties assert facts which cannot simultaneously be true. [Cummins] disputes virtually every aspect of [the Authority's] counterclaims and asserts defenses such as waiver to support [its] position that the express terms of the [C]ontract and the facts show that [the Authority] is not necessarily entitled to relief on the counterclaims. Furthermore, when the counterclaims were presented to the jury at trial, the jury found in favor of [Cummins] on the majority of them. [Cummins'] liability is simply not as clear cut as [the Authority] asserts. The jury's verdict on the non-SBR-related counterclaims shall stand.
>
> The majority of the counterclaims do not relate to the SBR or to [Section] 11.01[.]B of the [C]ontract. The jury's verdict on all counterclaims not related to the SBR should not be disturbed. [Cummins] argues that only two (2) of the SBR-related counterclaims implicate [Section] 11.01[.]B[.3] and therefore only those two (2) should be retried.

Trial Ct. Sept. 9, 2021 Order at 3-4. Accordingly, the trial court entered judgment on the jury's verdict in Cummins' favor only on the non-SBR-related counterclaims, ordered that the SBR-related issues "shall be retried in [their] entirety[,]" and scheduled a new trial for July 5 to 16, 2022. *Id*. at 6.

9

Finally, the trial court directed:

> Pursuant to [Section 702(b) of the Judicial Code,] 42 Pa.C.S.[] § 702(b), the [trial c]ourt is of the opinion that this [o]rder involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the matter. The appellate court may thus, in its discretion, permit an appeal to be taken.

Trial Ct. Sept. 9, 2021 Order at 6.

**Appeal from the Trial Court's September 9, 2021 Order After Remand**

The Authority filed a Petition for Permission to Appeal from the trial court's September 9, 2021 interlocutory order to this Court (Appeal Petition). Cummins opposed the Appeal Petition. By February 18, 2022 Order, this Court granted the Appeal Petition, but limited its review to the following issue:

> Whether, on remand, the trial court adhered to this Court's [June 8, 2020 Order] relative to [*Cummins I*], or erred by reinstating part of the jury verdict and entering judgment for Cummins and/or permitting Cummins to dispute its failure to properly incorporate the [SBRs]?

February 18, 2022 Order at 1.[5] The parties filed briefs in support of their respective positions. This matter is now ripe for review.

### Discussion

The Authority argues that the trial court erred by refusing to enter judgment in the Authority's favor on the SBR-related claims, failing to grant the Authority a new trial on all remaining claims and counterclaims (to the extent the

---

[5] On February 28, 2022, the trial court issued a Rule 1925(a) Opinion, wherein it stated only that the September 9, 2021 order was not erroneous and should be affirmed. *See* Authority Br. Appendix B.

10

trial court did not enter judgment in the Authority's favor on those claims), and entering judgment in Cummins' favor on the change order/extra work claims and against the Authority on its non-SBR-related claims based on the same jury verdict and judgment this Court vacated in its June 8, 2020 Order.

Cummins retorts that the trial court's September 9, 2021 order was entirely consistent with this Court's June 8, 2020 Order, where this Court did not set aside the jury's verdict, expressly direct judgment in the Authority's favor, or grant a new trial in its entirety. Cummins claims that since the non-SBR-related claims did not turn upon whether Section 11.01.B.3 was ambiguous, this Court's ruling that that provision was not ambiguous had no impact on the jury's verdict concerning the change order/extra work claims.

This Court has explained:

> "[I]t has long been the law in Pennsylvania that[,] following remand, a lower court is permitted to proceed only in accordance with the remand order." *Commonwealth v. Sepulveda*, . . . 144 A.3d 1270, 1280 n.19 ([Pa.] 2016). In *Levy v. Senate of Pennsylvania*, 94 A.3d 436 (Pa. Cmwlth. [2014]) . . . , which [our] Supreme Court cited with approval in *Sepulveda*, this Court explained: "Where a case is remanded for a specific and limited purpose, 'issues not encompassed within the remand order' may not be decided on remand. A remand does not permit a litigant a 'proverbial second bite at the apple.'" *Levy*, 94 A.3d at 442 (quoting *In re Indep. Sch. Dist. Consisting of the Borough of Wheatland*, 912 A.2d 903, 908 (Pa. Cmwlth. 2006)).

*Marshall v. Commonwealth*, 197 A.3d 294, 306 (Pa. Cmwlth. 2018), *aff'd*, 214 A.3d 1239 (Pa. 2019).

This Court's June 8, 2020 Order in *Cummins I* ruled that the Contract was *not* ambiguous and directed, in relevant part:

> [T]his matter is remanded for the trial court to determine whether, in light of this Court's ruling, any issues remain.

> If there remain no outstanding issues, then the trial court is to grant the Authority's Motion for JNOV; however, if there are outstanding issues, then the trial court is to grant the Authority's Motion for a new trial.

*Id*. at 603.

The June 8, 2020 Order was based on this Court's review of the trial court's June 27, 2019 denial of the Authority's Motion and partial grant of Cummins' Motion. Relevant here, the Authority's Motion sought JNOV in the Authority's favor and/or a new trial, wherein the Authority argued: (1) the trial court erred by finding that Section 11.01.B.3 was ambiguous, by allowing a jury to rely on extrinsic evidence to decide the matter, and instructing the jury based on a nonexistent ambiguity; (2) the trial court should enter judgment in the Authority's favor under the Commonwealth Procurement Code[6] (relating to bad faith); (3) the trial court's failure to properly instruct the jury about interpreting Section 11.01.B.3 prejudiced the Authority's affirmative SBR-related claims and requires a new trial; (4) the trial court erred by instructing the jury that it could find that the Authority waived the change order procedure; (5) the trial court erred by denying the Authority's nonsuit motions claiming that prior executed change orders barred Cummins' extra work claims for storm sewer re-routing (Issue No. 3), UV roof replacement (Issue No. 19), topsoil (Issue No. 58), and control/survey (Issue No. 1); (6) the Contract barred Cummins' extra work claims for painting (Issue Nos. 2, 111-115, 118), communication (Issue No. 30), the damaged pump (Issue No. 41), and blower repair costs (Issue Nos. 109, 116, 119-121); (7) the trial court erred by allowing Cummins' claim for consequential damages; (8) the trial court should grant a new trial on any of Cummins' claims that survive the Authority's Motion; and (9) the trial court should grant the Authority a new trial on its counterclaims because the

---

[6] 62 Pa.C.S. §§ 101-2311.

12

trial court committed errors of law and an abuse of discretion, and because the jury's verdict was contrary to the evidence. *See Cummins I* R.R. at 2901a-2988a.

In its June 27, 2019 order denying the Authority's Motion, the trial court reviewed the law relative to contract interpretation, applied it to the language of Section 11.01.B.3, and generally concluded: "[T]he [C]ontract is susceptible to more than one reasonable interpretation."[7]  Trial Ct. June 27, 2019 Order at 6 (*Cummins I* R.R. at 5499a).  The trial court concluded that "almost all of [the Authority's] alleged errors are based upon the [trial c]ourt's determination that the [C]ontract was ambiguous[,]" *id.* at 2 (*Cummins I* R.R. at 5495a), specifically:

> a.  The [trial c]ourt affirms its previous finding that the [C]ontract was ambiguous and[,] therefore, the [trial c]ourt could not bar by law [Cummins'] claims as a matter of law.
>
> b.  The [trial c]ourt affirms its previous finding that the [C]ontract was ambiguous and[,] therefore, the [trial c]ourt could not bar by law [Cummins'] claims arising from the [C]ontract by granting any of [the Authority's] motions for nonsuit.
>
> c.  The [trial c]ourt affirms its previous finding that the [C]ontract was ambiguous and[,] therefore, the parties had the burden of presenting relevant evidence.  In turn, the [trial c]ourt was not inclined to grant [the Authority's] Motion *in* [L]*imine* . . . Concerning Contract Interpretation[,] as it would only serve to unfairly inhibit [Cummins'] pursuit of presenting relevant evidence to the jury[,] especially in light of the jury's duty to interpret a legally ambiguous contract.
>
> d. . . .  [A]mbiguity can[] be found simply because a clause is susceptible to more than one interpretation[.] . . .

---

[7] Just like it did in its March 15, 2019 order, in the June 27, 2019 order, the trial court acknowledged that Section 11.01.B.3 was not the only Contract provision the parties disputed, but determined that it was "most exemplary of the dispute[,]" *id.* at 4 (*Cummins I* R.R. at 5497a), and focused its analysis *solely* on the ambiguity of Section 11.01.B.3 to conclude that the *entire* Contract was ambiguous.

13

e. [The Authority] contends that the [trial c]ourt erred in fashioning a jury instruction regarding contract interpretation. . . . [T]he [trial c]ourt added . . . language emphasizing that the jury should interpret a contract to mean what the parties intended it to mean and not to substitute the jury's mind for the parties' intentions[,] . . . [which] . . . language [was] favorable to the [Authority]. . . .

f. . . . [W]ith respect to consequential damages, the jury awarded zero dollars and zero cents. . . . [Therefore, the Authority] prevailed upon and successfully defended itself from th[e consequential damages] claim. . . .

*Id*. at 6-10 (*Cummins I* R.R. at 5499a-5503a). The trial court's June 27, 2019 order did not specifically discuss the challenged change order/extra claims or counterclaims.

On appeal, the Authority listed 25 points of trial court error in its *Cummins I* Rule 1925(b) Statement. The Authority specifically claimed that the trial court erred and/or abused its discretion by not granting a new trial based on the trial court's errors and because the verdict was contrary to the evidence (Error 25). In addition, under the heading *Contract Interpretation*, the Authority claimed that the trial court erred as a matter of law or abused its discretion by: failing to conclude that the express terms of the Contract made Cummins alone responsible for all SBR-related claims (Error 2); denying the Authority's Motion *in Limine* Concerning Contract Interpretation (Error 3); basing its March 7, 2019 order on the lack of evidence from which to interpret the Contract and then, on March 15, 2019, *before* evidence was presented at trial, concluding that Section 11.01.B.3 was ambiguous (Error 4); denying the Authority's motion for nonsuit after Cummins' presented its case-in-chief when the Contract made Cummins responsible for SBR-related claims (Error 6); denying the Authority's Motion when the Contract made Cummins responsible for SBR-related claims (Error 7; *see also* Error 1); and issuing a jury instruction concerning Section 11.01.B.3's purported ambiguity (Error 8). *See*

14

Authority *Cummins I* Rule 1925(b) Statement at 1-2 (*Cummins I* R.R. at 5474a-5475a).

Further, under the heading *Cummins' Change Order Claims*, the Authority asserted that the trial court erred as a matter of law and/or abused its discretion by: denying the Authority's nonsuit motion concerning Cummins' change order claims (Error 12); instructing the jury that it could find the Authority waived the change order procedure for prior approval of extra work (Error 13); failing to find that the Contract barred Cummins' change order claims relating to Issue Nos. 1 (Control/Survey), 3 (Storm Sewer Re-Routing), 19 (UV Roof Replacement), and 58 (Topsoil) based on Cummins' prior execution of change orders related thereto (Error 14); failing to find that the Contract barred Cummins' change order claims relating to Issue Nos. 111-115, 118 (Painting/Additional Painting) (Error 15); failing to find that the Contract barred Cummins' change order claims relating to Issue No. 30 (Communication) (Error 16); failing to find that the Contract barred Cummins' change order claims relating to Issue No. 41 (Damaged Pump) (Error 17); and failing to find that the Contract barred Cummins' change order claims relating to Issue Nos. 109, 116, 119-121 (Blower Repair Costs) (Error 18). *See* Authority *Cummins I* Rule 1925(b) Statement at 3-4 (*Cummins I* R.R. at 5476a-5477a). The Authority also claimed that the trial court erroneously denied its Motion *in Limine* to Exclude Certain Opinions of Cummins' Expert Hannon Engineering, P.C. (Error 5); allowed the jury to consider that the Authority acted in bad faith under the Commonwealth Procurement Code (Errors 9-11), failed to find that the Contract barred Cummins' claim for consequential damages (Errors 19-20), and granted Cummins' Motion (Errors 21-24). *See* Authority *Cummins I* Rule 1925(b) Statement at 3-5 (*Cummins I* R.R. at 5476a-5478a).

In the trial court's *Cummins I* Rule 1925(a) Opinion addressing the Authority's claimed errors, the trial court again recognized that the Authority "rests

15

its appeal primarily upon the issue of [C]ontract interpretation . . . ." Trial Ct. *Cummins I* Rule 1925(a) Op. at 2 (*Cummins I* R.R. at 5482a). The trial court incorporated its March 15, 2019 and June 27, 2019 orders by reference and reiterated that because the Contract was ambiguous, extrinsic evidence was properly put before the jury to interpret it.[8] Specifically, under the heading *Jury Instruction*, the trial court explained:

> [The Authority] has attempted to frame this issue as though the [trial c]ourt only found [Section] 11.01.B.3 of the Contract to be ambiguous and then punted to the jury on what that specific clause meant. Rather, an accurate contextual setting is that the [trial c]ourt concluded that the whole [C]ontract, as exampled [sic] by certain provisions and the [C]ontract being considered in its entirety, was ambiguous; and[,] therefore, the jury should interpret its individual terms.

Trial Ct. *Cummins I* Rule 1925(a) Op. at 6 (*Cummins I* R.R. at 5486a). Therefore, the trial court "[a]ccept[ed] the premise that the [C]ontract was ambiguous as a matter of law (which the [trial c]ourt insists is the proper determination) . . . ." *Id.* The trial court defended that its jury instruction was an accurate representation of the law and favored the Authority.[9] The trial court held that a new trial was not

---

[8] Again, as it did in its March 15, 2019 and June 27, 2019 orders, although the trial court referred to other unspecified Contract provisions over which the parties had a dispute and which were purportedly dispositive of the Contract's ambiguity, the trial court only cited to and analyzed Section 11.01.B.3. Moreover, the trial court did not specifically analyze the Authority's counterclaims or change order/extra work claims, except to state in its *Cummins I* Rule 1925(a) Opinion that certain of the change order/extra work claims also failed due to Contract ambiguity. *See* Trial Ct. *Cummins I* Rule 1925(a) Op. at 9 (*Cummins I* R.R. at 5489a); *see also Cummins I*, 237 A.3d at 602-03.

[9] Although the trial court included in its jury instruction that, "when a contract is clear and unequivocal, its meaning must be determined by its contents alone[,]" Trial Ct. June 27, 2019 Order at 8, the instruction did not inform the jury that "unambiguous contracts are interpreted *by the* [*trial*] *court* as a matter of law," not the jury. *Cummins I*, 237 A.3d at 593 (emphasis added) (quoting *Kripp v. Kripp*, 849 A.2d 1159, 1163 (Pa. 2004)). However, because interpretation of the Contract was not properly before the jury in the first instance, and in light of this Court's clarification herein, the trial court's instruction related thereto was harmless error.

16

warranted because both parties "yielded great harvests of evidence" during the nine-day trial. Trial Ct. *Cummins I* Rule 1925(a) Op. at 10 (*Cummins I* R.R. at 5490a).

> Regarding the change order/extra work claims, the trial court declared:
>
> > [The Authority's] Twelfth, Thirteenth, Fourteenth, Fifteenth, Sixteenth, Seventeenth, and Eighteenth points of appeal are again all based upon [C]ontract interpretation. The [trial c]ourt has ruled that the [C]ontract was ambiguous and it can be reasonably [] inferred from the [j]ury's verdict that [it] agree[d]. [The Authority's] arguments must now fail as they have before.

Trial Ct. *Cummins I* Rule 1925(a) Op. at 9 (*Cummins I* R.R. at 5489a). The trial court similarly upheld its decision relative to consequential damages, stating that the Authority's argument "rests upon the flawed conclusion that the Contract was unambiguous and not subject to different reasonable interpretations[,]" and that this "point of appeal is a new track but played from the same broken record." *Id*. In addition, regarding the Authority's argument that the trial court erred by granting Cummins' Motion, the trial court responded that it was "yet another [C]ontract ambiguity issue traipsing in disguise," and dismissed the Authority's claim of error, stating: "The [trial c]ourt was asked to interpret a specific clause of the [C]ontract[,]" which it found ambiguous. *Id*. at 10 (*Cummins I* R.R. at 5490a).

> After an exhaustive review of the Contract on appeal, this Court held regarding the Authority's Motion:
>
> > To the extent that Section 11.01.B.3 was "the [C]ontract clause most exemplary of the dispute," Trial Ct. June 27, 2019 [Order] at 4 ([*Cummins I*] R.R. at 5497a), and this Court has ruled, based upon its extensive review of the Contract [], that Section 11.01.B.3 is not ambiguous, the trial court erred by concluding that the *entire* Contract was ambiguous. The trial court should have determined as a matter of law, *before* allowing Cummins to proceed with its case-in-chief and relying on Cummins' evidence to reach its conclusion, that the Contract placed sole responsibility on Cummins for defective system

performance related to its Ashbrook SBR. By failing to do so, the trial court erred by allowing the jury to interpret the Contract language based on extrinsic evidence.[10]

*Cummins I*, 237 A.3d at 601 (footnote omitted). Regarding the change order/extra work claims, this Court similarly held:

> Because the trial court's only basis for denying the Authority's Motion relative to the change order and extra work claims was that the Contract was ambiguous, and **this Court has ruled that the Contract was *not* ambiguous**, the trial court's June 27, 2019 order denying the Authority's Motion must be reversed.

*Id*. at 603 (bold emphasis added). Accordingly, this Court reversed the trial court's denial of the Authority's Motion, and directed the trial court to determine whether any claims survived this Court's ruling. This Court ordered that, if issues still remained despite this Court's reversals, on remand, the trial court was directed to grant the Authority's Motion for a new trial as to those issues. *See id*.

**This Court's June 8, 2020 Order ruling that the Contract was *not* ambiguous settled *any and all* Contract ambiguity issues**. The trial court's actions on remand were bound by that conclusion. Specifically, in light of this Court's ruling that "the trial court erred by allowing the jury to interpret the Contract language based on extrinsic evidence[,]" *Cummins I*, 237 A.3d at 601, **this Court's June 8, 2020 Order reversed the following trial court rulings**:

> a. The [trial c]ourt affirms its previous finding that the [C]ontract was ambiguous and[,] therefore, the [trial c]ourt could not bar by law [Cummins'] claims as a matter of law.
>
> b. The [trial c]ourt affirms its previous finding that the [C]ontract was ambiguous and[,] therefore, the [trial c]ourt could not bar by law [Cummins'] claims arising from the [C]ontract by granting any of [the Authority's] motions for nonsuit.

---

[10] Correspondingly, this Court vacated the trial court's partial grant of Cummins' Motion.

c. The [trial c]ourt affirms its previous finding that the [C]ontract was ambiguous and[,] therefore, the parties had the burden of presenting relevant evidence. In turn, the [trial c]ourt was not inclined to grant [the Authority's] Motion *in* [*L*]*imine* to Exclude Evidence or Argument Concerning Contract Interpretation[,] as it would only serve to unfairly inhibit [Cummins'] pursuit of presenting relevant evidence to the jury; especially in light of the jury's duty to interpret a legally ambiguous contract.

. . . .

e. [The trial court upheld its jury instruction regarding contract interpretation]. . . .

Trial Ct. June 27, 2019 Order at 6-9 (*Cummins I* R.R. at 5499a-5502a).

Notwithstanding, in its September 9, 2021 order deciding the Authority's Motion after Remand, the trial court interpreted that the change order/extra work claims "w[ere] not impacted by [this Court's June 8, 2020 Order], as none of th[ose] claims relate[d] to the interpretation of [Section] 11.01.B[.3] of the parties' [C]ontract[,]" and genuine issues of material fact existed as to whether the Authority could enforce change orders/extra work under the Contract. Trial Ct. Sept. 9, 2021 Order at 3. Accordingly, the trial court ordered that the jury's verdict in Cummins' favor in the amount of $228,323.24 on the change orders/extra work claims shall stand. The trial court also concluded that the jury's verdict on the Authority's remaining non-SBR-related counterclaims will stand and not be retried because this Court "found no error regarding the jury's verdict on [the Authority's] counterclaims" in its June 8, 2020 Order. Trial Ct. Sept. 9, 2021 Order at 5.

In its September 9, 2021 order, the trial court appeared to amend its June 27, 2019 conclusion that the *entire Contract* was ambiguous, which this Court reversed, and erroneously interpreted that the scope of this Court's June 8, 2020 Order was limited to Section 11.01.B.3. This Court's June 8, 2020 Order was not

19

so limited.[11]   In *Cummins I*, the trial court made extraordinarily broad-brush determinations that, based *solely* on its reading of Section 11.01.B.3, the *entire* Contract was ambiguous, it denied *all* of the Authority's motions on that basis, and it allowed the jury to consider extrinsic evidence at trial to interpret the Contract. On appeal, this Court examined the *same* Contract language, concluded that *the Contract was not ambiguous*, and reversed the trial court's ambiguity-based rulings. This Court's June 8, 2020 Order was not limited to SBR-related Section 11.01.B.3 matters but, rather, *extended to any and all matters* the trial court permitted the jury to decide based on extrinsic evidence after the trial court ruled that the Contract was ambiguous, including but not limited to, the Authority's Motion *in Limine* Concerning Contract Interpretation, the Authority's non-suit motions, the jury instruction on contract interpretation, the change order/extra work claims, and the counterclaims.

> The Authority asserts:
>
> [T]he [t]rial [c]ourt failed to adhere to this Court's June 8, 2020 Order and erred by reinstating part of the jury verdict, entering judgment for Cummins, and permitting Cummins to dispute its failure to properly incorporate the [SBR].  [The Authority] asks that the Court vacate the

---

[11] The trial court's March 15, 2019 and June 27, 2019 orders and Rule 1925(a) Opinion in *Cummins I* made clear that the basis of *all* of the trial court's prior rulings on SBR-related claims and change order/extra work claims was that *the entire Contract was ambiguous*.  Accordingly, on appeal from the trial court's June 27, 2019 order denying the Authority's Motion, this Court reviewed whether Section 11.01.B.3 was ambiguous and, thus, rendered the entire Contract ambiguous.

It is unclear to this Court why the trial court did not identify and/or discuss the *other* Contract provisions it claimed were also in dispute.  Cummins references what it believed to be the other provisions to which the trial court referred, and which Cummins raised to the trial court. *See* Cummins Br. at 22-25.  Notwithstanding, in the absence of the trial court's analysis in its March 15, 2019 and June 27, 2019 orders and its *Cummins I* Rule 1925(a) Opinion of other Contract provisions that were ambiguous, on appeal, this Court is unable to determine whether the trial court erred in its conclusions regarding those provisions.  This Court certainly cannot be expected to glean the trial court's reasoning about unspecified *other* provisions out of thin air.

judgment, reverse the [t]rial [c]ourt's September 9, 2021 [o]rder, enter a judgment of liability against Cummins and in favor of the Authority that Cummins breached the Contract by defectively incorporating the SBR, order the [t]rial [c]ourt to interpret the Contract provisions applicable to the non-SBR claims, and order a new trial on all remaining SBR and non-SBR claims and counterclaims for which the [t]rial [c]ourt does not enter judgment for the Authority.

Authority Br. at 41. According to the Authority, "[n]o part of the judgment for Cummins could survive given the effect of the [t]rial [c]ourt's errors on the trial, and the [t]rial [c]ourt therefore erred as a matter of law and abused its discretion in reinstating judgment for Cummins." Authority Br. at 31 (internal citation omitted).

Cummins takes the position that "this Court's determination of Cummins' contractual responsibility does not equate to a finding of breach." Cummins Br. at 47. Moreover,

[the Authority's] speculation that any error with respect to [Section] 11.01.B.3 had to have tainted the jury's verdict on all claims is both without basis and unjustly dismissive of the careful deliberations undertaken by the jury in deciding each of Cummins' fourteen extra work claims and [the Authority's] twenty counterclaims. These were separate claims, involving separate pieces of equipment, different sets of facts, and different specification sections.

Cummins Br. at 41.

This Court's June 8, 2020 Order did not set aside the jury's verdict, expressly direct judgment in the Authority's favor, nor grant a new trial in its entirety. Rather, this Court ruled that Section 11.01.B.3 of the Contract was not ambiguous, and, thus, Cummins was required to satisfy the Contract's requirements relative to the Ashbrook SBR. Accordingly, if a new trial on the SBR and SBR-related change order/extra work claims and counterclaims was necessary to make those determinations, then the trial court was to order a new trial thereon, which it

21

did. In addition, in light of this Court's interpretation that no part of the Contract was ambiguous, to the extent that the trial court permitted the jury to consider extrinsic evidence to interpret the Contract to decide the non-SBR-related change order/extra work claims and counterclaims, the trial court was to order a new trial thereon, which it did not.

Applying this Court's June 8, 2020 Order to the trial court's determinations under review in *Cummins I*, the trial court properly ordered a new trial on all SBR-related matters, including the SBR-related change order/extra work claims and counterclaims, on remand. However, the trial court erred by allowing the jury's verdict on the change order/extra work claims and counterclaims to stand after this Court concluded that the trial court erroneously allowed the jury to decide those claims based on extrinsic evidence in the first instance. This Court's June 8, 2020 Order that the Contract was not ambiguous nullified the jury's verdict related thereto. Because judgment cannot automatically be entered in either party's favor on the change order/extra work claims raised in the Authority's Motion after Remand, they must be retried with the SBR-claims. In addition, since neither the trial court nor this Court can ascertain whether or the extent to which the jury may have relied on extrinsic evidence to decide the non-SBR-related counterclaims,[12] the non-SBR-related counterclaims must be retried with the SBR-claims.[13]

---

[12] The trial court did not specifically address the Authority's counterclaims in its March 15, 2019 and June 27, 2019 orders, its *Cummins I* Rule 1925(a) Opinion, or its September 9, 2021 order.

[13] Cummins' argument that the Authority waived its claim that the SBR-related and non-SBR-related issues are so intertwined that all of the issues must be retried lacks merit because the Authority timely asserted that position at its first opportunity - after the trial court conducted its issue-by-issue extrapolation in the September 9, 2021 order.

## Conclusion

Based on the foregoing, the portion of the trial court's September 9, 2021 order granting judgment in the Authority's favor on Cummins' bad faith claim is affirmed.

The portion of the trial court's September 9, 2021 order granting a new trial on the SBR-related claims, including the SBR-related counterclaims, is affirmed. Because Cummins is solely liable under the Contract for defective system performance related to its Ashbrook SBR, it is prohibited from retrying its liability therefor at the new trial.

The portion of the trial court's September 9, 2021 order relying on the jury's verdict relative to the change order/extra work claims is vacated, and the matter is remanded for the trial court to include the change order/extra work claims with the SBR-related claims at the new trial.

The portion of the trial court's September 9, 2021 order allowing the jury's verdict on the non-SBR-related counterclaims to stand is also vacated, and the matter is remanded for the trial court to include the non-SBR-related counterclaims with the SBR-related claims and change order/extra work claims at the new trial.

_____
ANNE E. COVEY, Judge

Judge Wallace did not participate in the decision in this matter.

23

## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Robert J. Cummins, d/b/a Bob      :
Cummins Construction Company       :
                                   :
                                   :
        v.                         :
                                   :
Bradford Sanitary Authority,       :      No. 1107 C.D. 2021
                Appellant          :

## O R D E R

AND NOW, this 16th day of November, 2022, the portion of the McKean County Common Pleas Court's (trial court) September 9, 2021 order granting judgment in Bradford Sanitary Authority's (Authority's) favor on Robert J. Cummins, d/b/a Bob Cummins Construction Company's (Cummins) bad faith claim is AFFIRMED.

The portion of the trial court's September 9, 2021 order granting a new trial on the sequencing batch reactor (SBR)-related claims, including the Authority's SBR-related counterclaims, is AFFIRMED. Cummins is solely liable for defective system performance related to its Ashbrook SBR, and is prohibited from retrying its liability therefor at the new trial.

The portion of the trial court's September 9, 2021 order relying on the jury's verdict relative to Cummins' change order/extra work claims is VACATED, and the matter is REMANDED for the trial court to include the change order/extra work claims with the SBR-related claims at the new trial.

The portion of the trial court's September 9, 2021 order allowing the jury's verdict on the non-SBR-related counterclaims to stand is also VACATED, and the matter is REMANDED for the trial court to include the non-SBR-related counterclaims with the SBR-related claims and change order/extra work claims at the new trial.

Jurisdiction is relinquished.

_____
ANNE E. COVEY, Judge